## UNITED STATES v. ONE 1936 MODEL CHEVROLET PICK-UP TRUCK.

No. 882.

District Court, D. Tennessee, at Greeneville

Oct. 20, 1937.

166

Simmonds & Bowman, of Johnson City, Tenn., for petitioner.

James B. Frazier, Jr., U. S. Atty., of Knoxville, Tenn. (Robert T. Kennerly, Asst. U. S. Atty. of Knoxville, Tenn., on the brief), for the United States.

TAYLOR, District Judge.

Heretofore the court, after an examination of the stipulation of the parties and of the oral testimony given in open court and later transcribed, reached and expressed the conclusion that petitioner was entitled to the relief sought unless the purchaser of the vehicle had, at the time the lien was acquired, a reputation for violating liquor laws of the United States or of the state wherein the reputation existed.

A further consideration of the evidence leaves me of the same opinion. The case then turns on the meaning of the word "reputation," as used by the Congress in the statute under which the forfeiture occurred.

■ General reputation means the reputation one has as to the several ingredients of character from which ingredients a conclusion is formed as to whether the subject is a good man or otherwise, or whether the ingredients are of such character that the reputation may be described as mixed. Reputation as to some specific trait, such as truthfulness, chastity, violating liquor laws, etc., is not general reputation. This observation sheds no light upon the breadth or generality of the opinion essential to a correct classification of the opinion as reputation. So I think reputation for the specific violation must be the opinion which is shown by the evidence to be generally shared by those who are familiar with the subject.

The Congress was dealing with considerations deemed by it sufficient to bar a petitioner from the right to remission. Among the sufficient bars was the specific reputation at the time the lien was acquired. It cannot be believed that the Congress meant to burden the acquisition of liens such as here involved with the necessity of an investigation with respect to reputation for the specific trait beyond such investigation as would discover it if general in the sense of its acceptance among those who knew the subject and his reputation generally.

■ This opinion deals exclusively with "reputation," as the lienor has been found to be otherwise entitled to the remission sought. The stipulation and proof do not convince me that there was such generality of opinion on the subject of the owner's violation of liquor laws as to constitute a reputation for that specific trait. The most the evidence shows is that two persons had had reports that in some fashion the subject was violating such laws. No witness undertakes to say that that belief was common among subject's associates.

It follows that petitioner is entitled to the relief sought.